(174 App. Div. 523)

### CONBOY v. MATHEWS.

(Supreme Court, Appellate Division, Second Department. July 28, 1916.)

1. ASSOCIATIONS ⬅20(1)—UNINCORPORATED ASSOCIATIONS—ACTION BY TREASURER—STATUTE.

Under Code Civ. Proc. § 1919, touching actions, etc., by or against an association of seven or more members, the treasurer of an unincorporated association of more than seven members can maintain an action, if the members could.

[Ed. Note.—For other cases, see Associations, Cent. Dig. § 36; Dec. Dig. ⬅20(1).]

2. CORPORATIONS ⬅506—MEMBERSHIP CORPORATION—RECOVERY OF PROPERTY—PARTY PLAINTIFF.

Under the Membership Corporations Law (Consol. Laws, c. 35), the property of a corporation, having groups of members that have something of self-government, belongs to the corporation, which is the proper party to bring an action against the treasurer, or one of the groups, for moneys belonging to the corporation.

[Ed. Note.—For other cases, see Corporations, Cent. Dig. §§ 1958–1970; Dec. Dig. ⬅506.]

3. CORPORATIONS ⬅514(1)—MEMBERSHIP CORPORATION—RECOVERY OF MONEYS—COMPLAINT.

In an action by a membership corporation, composed of groups of members having something of self-government, against the treasurer of one of such groups, to recover moneys belonging to the corporation, if the group exists pursuant to Benevolent Orders Law (Consol. Laws, c. 3) § 2, the complaint should show it.

[Ed. Note.—For other cases, see Corporations, Cent. Dig. §§ 2052–2070; Dec. Dig. ⬅514(1).]

Appeal from Trial Term, Kings County.

Action by Mary G. Conboy, as treasurer, etc., against Julia T. Mathews. From a judgment dismissing the complaint, and from an order, plaintiff appeals. Judgment affirmed.

Argued before JENKS, P. J., and THOMAS, CARR, RICH, and PUTNAM, JJ.

P. H. Fitzgerald, of Utica, for appellant.
Francis A. McCloskey, of Brooklyn, for respondent.

THOMAS, J. The National Order of the Daughters of Isabella is a membership corporation under the laws of this state, and has subordinate branches, called "courts," one of which, located in the county of Kings, is called "Court No. 57, Our Lady of Peace," which is alleged to be an unincorporated association of more than seven persons. The plaintiff is treasurer of the court, and as such seeks to recover from the defendant moneys alleged to be owned by the court, which came in-

to her hands as its treasurer. The trial court decided that the complaint did not state a cause of action, and dismissed it.

[1] The answer alleges that the corporation has classed its members in courts, of which Court No. 57, Our Lady of Peace, is one, but denies that such court is an unincorporated association of more than seven persons, although the answer shows that the court has more than that number, and denies that the plaintiff is treasurer, and alleges that under a by-law of the corporation the board of trustees of the corporation is entitled to receive the moneys in question. The by-law is not returned. If Court No. 57 could be an unincorporated association of more than seven members, the plaintiff, as treasurer, could maintain the action, if the members could do so. Code of Civil Procedure, § 1919. This court is not even advised of the statute under which the corporation was formed, and is in no wise informed of its origin, except that it is a membership corporation having branches, which have their own officers. With that single clue, the power of a membership corporation to ordain subordinate branches may be examined.

[2, 3] The appellant does not indicate any provision in the Membership Corporations Law that confers such authority, and I do not discover it. In fact, the corporation has groups of members that have something of self-government, but how amenable to the corporation does not appear. But under the Membership Corporations Law the property of the corporation belongs to it, and it would be the proper party to bring this action, unless the plaintiff shows some derivative right, which she does not. If Court No. 57 exists pursuant to Benevolent Orders Law, § 2, the complaint should show it. But the appellant does not suggest that.

The judgment should be affirmed, with costs. All concur.